UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHERI REDEKER-BARRY,

               Plaintiff,

vs.                                    Case No.   2:06-cv-160-FtM-99SPC

UNITED STATES OF AMERICA,

               Defendant.
_____

## OPINION AND ORDER

     This matter comes before the Court on defendant's Motion to Dismiss (Doc. #7), filed on March 30, 2006.  Plaintiff filed an Opposition to Motion to Dismiss (Doc. #13) on April 25, 2006.  The government seeks to dismiss the case for lack of jurisdiction.  Plaintiff argues that she is entitled to due process before the District Court, that the determination should be overturned, and a new Collection Due Process Hearing should be scheduled.

     On July 25, 2006, plaintiff Sheri Redeker-Barry filed a Petition to Overturn IRS Collection Due Process Determination Issued Pursuant to 26 USC 6330 (Doc. #1).  The Notice of Determination, attached to the Petition, indicates that the Appeals Office sustained the recording of a federal tax lien and that plaintiff received a telephone collection due process hearing.  The Appeals Office did not grant a face-to-face meeting because plaintiff's arguments were found to be without merit or otherwise

frivolous. The Notice of Determination clearly provides that a redetermination must be sought with the Tax Court.

> Under 26 U.S.C. § 6330(d)(1),
>
> The person may, within 30 days of a determination under this section, appeal such determination –
>
> (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
>
> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.
>
> If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

Plaintiff argues that <u>Schulz v. IRS</u>, 413 F.3d 297 (2d Cir. 2005) provides that "Independent judicial review is required for all IRS collection enforcement activities." (Doc. #1, p. 2, ¶ 8). Plaintiff's reading of the case is overbroad. The Second Circuit Court of Appeals limited its findings to recognizing the Court's authority to order punitive measures for failure comply with a summons when disobedience otherwise has no penal consequences.

In this case, plaintiff is seeking review of a collection hearing decision, not to quash a summons. To the extent that plaintiff asserts that her due process claim must be presented before the district court, the Eleventh Circuit has found persuasive and adopted the reasoning of sister circuits in finding that such a claim does not confer subject-matter jurisdiction on district courts. See <u>Peterson v. Kreidich</u>, 139 Fed. Appx. 134, 136 (11th Cir. May 13, 2005). Therefore, having considered the

arguments, the Court finds that jurisdiction is more properly before the United States Tax Court.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. #7) is **GRANTED** and this case is **dismissed** without prejudice to plaintiff re-filing within **THIRTY (30) DAYS** with the United States Tax Court her appeal petition from the Notice of Determination.

2. The Clerk shall enter judgment accordingly and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of June, 2006.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Parties of record